UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Glenn Dale Acon, Jr.,                                                                            Civil No. 06-4672  MJD/AJB

                Petitioner,

v.                                                                  **REPORT AND RECOMMENDATION**

State of Minnesota,

                Respondent.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petitioner's motion for habeas corpus relief pursuant to 28 U.S.C. § 2254.  The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).  Petitioner is confined at the Minnesota Correctional Facility at Faribault, MN  (MCF–Faribault) pursuant to conviction and sentencing in Ramsey County District Court on a count of possession of a firearm by an ineligible person for which he was sentenced to 60 months incarceration and an additional count of motor vehicle theft for which he was sentenced to a concurrent term of 23 months.[1]  In this action the petitioner is challenging only the firearm possession conviction, asserting that there was insufficient evidence to support the conviction.[2]  For the reasons discussed below, it is recommended

---

[1] A jury found the defendant not guilty on a third charge, aiding and abetting a drive-by shooting.

[2] The petition alleged ineffective assistance of trial counsel, prosecution failure to disclose exculpatory evidence, and "confusing jury instructions and misinformed closing arguments of law," in addition to the sufficiency of evidence claim.  In response to the prospect that the entire petition would be dismissed for failure to exhaust state remedies, Mr. Acon voluntarily dismissed all of the asserted grounds for relief except sufficiency of evidence, the only claim that had been properly exhausted, and he was permitted to proceed on that basis.  Order by the district court dated January 16, 2007

that the petition [Docket No. 1] be dismissed with prejudice.

**Factual Background**

Petitioner Glenn Acon was convicted on a charge of being a felon in possession of a firearm and a motor vehicle theft charge by jury verdict returned on January 7, 2005, in Ramsey County District Court. (Tr. 328-29).[3]  He was sentenced to a 60-month prison term on the firearm charge and a concurrent 23-month term on the automobile theft charge.  The charges arose out events that occurred on August 17, 2004.  At approximately 7:30 p.m. on that day St. Paul Police Officers Darryl Boerger and Timothy Bohn were responding to a call for assistance on a report of shots fired (Tr. 60, 117) when a speeding vehicle, a 1986 Buick LeSabre (Tr. 167), came towards them as they turned onto Edmund.  (Tr. 61).  As the vehicles passed going opposite directions Boerger observed two front seat occupants and one rear seat passenger in the car.  The officer recognized the driver as petitioner Glenn Acon.  (Tr. 62-63).  The officers turned around and subsequently pursued the vehicle northbound through an alley with lights and siren activated.  (Tr. 65, 70).  After the Buick struck and sheared a power pole in the alley the three occupants jumped out of the car and ran away from the scene in different directions.  (Tr. 65).  The vehicle was now pointed to the east.  (Tr. 91).  Petitioner Acon exited through the driver's door while the two passengers used their respective front and back passenger side doors.  (Tr. 66).  The police vehicle slid to a stop alongside the disabled Buick and Officer Boerger chased petitioner northbound through back yards until catching him in an alley approximately one block from where the foot chase began.  (Tr. 67, 70).  Officer Bohn chased and

---

[Docket No. 7].

[3] Transcript citations are to the trial transcript, Answer to Petition, Exh. 2.

apprehended the rear seat passenger, Mr. Kohene, who ran around the back of the crashed Buick and then proceeded southbound. (Tr. 67, 89). The front seat passenger was not apprehended and it is not known which direction he ran. (Tr. 91).

Upon return to the scene of the crash Officer Boerger commenced a search of the area and found a fully loaded .40 caliber Smith and Wesson handgun under his squad car. (Tr. 68-69). The gun appeared to have been run over and moved slightly by the left front tire of the squad car. (Tr. 90). Although Officer Boerger did not see any of the suspects drop the gun (Tr. 68), it was found in the path of escape used by petitioner Acon. (Tr. 70-71).

The call for assistance to which Officers Boerger and Bohn were responding on August 17, 2004, was made in relation to a report that four shots had been fired at a location on Charles Avenue in St. Paul (Tr. 96), and windows on a Toyota Camry had been shattered as a result. (Tr. 97-98). A bullet fragment was recovered from the interior of the Toyota (Tr. 105-06, 182), and two spent .40 caliber shell casings were found approximately 50 feet from the damaged car. (Tr. 107, 110). A BCA firearms examiner determined that the .40 caliber casings were rounds that had been fired from the Smith and Wesson handgun found at the scene of the power pole crash. (Tr. 180, 184). The examiner was unable to conclusively determine whether or not the bullet fragment was fired from the same firearm. (Tr. 185).

Testing for gunshot residue was negative as to petitioner Acon's hands, and was positive as to Mr. Kohene's hands. (Tr. 252). A witness observed petitioner walking in the street and putting on brown gloves shortly before the shots were fired. (Tr. 211, 213). The handgun did not have DNA on it. (Tr. 185-87). This witness believed that the shots were aimed at the vehicle in which he

3

was a passenger (Tr. 213) and may have been directed at him because he had run over the petitioner's basketball jersey earlier that summer. (Tr. 216). Finally, after being arrested the petitioner spontaneously stated to an officer, "don't think we were shooting. They were shooting at us." (Tr. 129), State v. Acon, Answer to Petition, Exh. 4, page 5 (Minn. App. June 20, 2006)(unpublished opinion).

**Discussion**

**Standard of Review.** Petitioner Glenn Acon alleges that his constitutional right to due process was violated because evidence was insufficient to support his conviction on the charge of possession of a firearm by an ineligible person. "The Due Process Clause prohibits the conviction of an accused 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime of which he is charged.'" Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998)(quoting In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1071 (1970)). When considering a claim that evidence was insufficient to support a guilty verdict the court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Bounds at 1118 (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781 (1979)). In the event that evidence allows conflicting inferences, the reviewing court must presume that the jury resolved the conflicts in favor of the state. Blair-Bey v. Nix, 44 F.3d 711, 713 (8th Cir. 1995)(citing Jackson v. Virginia, 443 U.S. at 326). Also, deference is given to a state appellate court's decision on sufficiency of evidence. Id. (citing Jackson at 323). Finally, circumstantial evidence is not necessarily lacking in probative force, Bounds v. Delo, 151 F.3d at 1119, and circumstantial evidence may be wholly sufficient to persuade a rational trier of fact that an

accused person is guilty beyond a reasonable doubt. Singleton v. Frey, 793 F.2d 212, 214 (8th Cir. 1986).

**Sufficiency of the Evidence.** The Minnesota Court of Appeals stated in its decision on the direct appeal in this matter that the evidence against the petitioner in this case is entirely circumstantial, as there is no direct evidence that Mr. Acon possessed a gun. Id. at 4. State v. Acon, 2006 WL 1704065 at #1 (Minn. App.)(unpublished opinion).[4] Nonetheless, the appellate court found that the evidence of petitioner's guilt was sufficient even under the application of a stricter standard under Minnesota law, whereby a conviction based upon circumstantial evidence alone will be upheld if the circumstances form "a complete chain which, in light of the evidence as a whole, leads so directly to the guilt of the accused as to exclude, beyond a reasonable doubt, any reasonable inference other than guilt." Id. (quoting State v. Bias, 419 N.W.2d 480, 484 (Minn. 1988).

Allowing the deference which is due the state appellate court decision on sufficiency of the evidence, petitioner is clearly not entitled to habeas corpus relief in this case. Upon application of the somewhat less demanding standards which apply on federal habeas corpus review with respect to the strength of circumstantial evidence, i.e. the requirement that evidence be viewed in the light most favorable to the prosecution, and the likelihood that *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, a challenge to sufficiency of the evidence to support petitioner's conviction is wholly without merit in this instance. Petitioner Glenn Acon was observed driving a speeding vehicle in the vicinity of location from which officers had received a report

---

[4] Answer to Petition, Exh. 4, page 4.

of gunshots. Mr. Acon was seen running from the vehicle after crashing into a power pole, and a handgun was discovered in the path of his escape. Officer testimony sufficiently established that the gun was not moved any substantial distance when it was run over by the tire of the police squad car, and to the extent that the jury might have alternatively inferred that someone else dropped the gun, the court presumes that the jury resolved the conflict consistent with the State's position that the petitioner possessed the handgun, and he dropped it he ran from the crash scene. In addition, shell casings matching the handgun were recovered from the site of the shooting and a witness placed the petitioner at the location of the shooting, putting on gloves. This evidence both supports the prosecution theory that Mr. Acon possessed the handgun and explains the absence of gunpowder residue on his hands. The finding of gunpowder residue on Mr. Kohene's hands is of little or no consequence because such facts are not exculpatory as to the petitioner. Finally, the jury heard evidence indicating that petitioner had motive to shoot at the apparent target because he had run over his basketball jersey, and the petitioner made spontaneous statements that evidenced his awareness of the shooting incident and his involvement in it. Upon viewing the evidence in the light most favorable to the prosecution, the court concludes that a rational trier of fact could have found beyond a reasonable doubt that the petitioner possessed a firearm and was guilty of the charged offense. Bounds v. Delo, 151 F.3d 1116, 1118.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, it is hereby **recommended** that Glenn Dale Acon, Jr.'s Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be **DISMISSED** with prejudice. [Docket No. 1].

Dated:     April 23, 2007    

   s/ Arthur J. Boylan    
Arthur J. Boylan  
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before May 8, 2007. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.